FILED
2016 Jul-26 PM 02:38
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **TRACY HARRIS**, | ) |
| | ) |
|    **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | )  **Case No.: 1:15-CV-2181-VEH** |
| **KOCH FOODS OF ASHLAND, LLC; KOCH FOODS OF ALABAMA, LLC; AND KOCH FOODS, INC.,** | ) |
| | ) |
|    **Defendants**. | ) |

## **MEMORANDUM OPINION AND ORDER**[1]

This is the third complaint that Plaintiff Tracy Harris has filed in this case. She alleges violations of Title VII and the Equal Pay Act in the forms of discriminatory pay and retaliation. Like a matador waving her red cape, Harris's filing of a new complaint induced Defendants Koch Foods, Inc. ("Koch Foods"), Koch Foods-Ashland, LLC (Koch-Ashland"), and Koch Foods-Alabama, LLC ("Koch-Alabama"), to charge in with a partial motion to dismiss in the hope that they could gore a count or two. But *la matadora* is too swift, or at least the bulls charged too soon. The motion will be **DENIED**.

---

[1] The clerk of court is **DIRECTED** to update the case style as reflected herein.

I.     **Factual Background**[2]

Tracy Harris, a woman, began working for Tyson Foods in 1993 until Tyson Foods was purchased by Koch Foods, Inc., which is the parent corporation of Koch Foods-Ashland, LLC and Koch Foods-Alabama, LLC. (Doc. 32, ¶¶ 22–25, 28). Harris was promoted to a position as Complex Benefits Manager for Koch Foods. (*Id.*, ¶ 33). In 2010 and while Harris was employed as a Complex Benefits Manager, Koch Foods hired William Summerville, a man, for the same position. (*Id.*, ¶ 37). He was hired to work at Defendants' Montgomery complex, which is part of Koch-Alabama. (*Id.*, ¶ 38). Harris has 22 years of experience working in Defendants' industry and 8 years of experience working for Defendants. (*Id.*, ¶ 43).

After learning in 2012 that Summerville is paid more than she is, Harris has continuously complained about the difference in pay to their mutual supervisor, Bobby Elrod. (*Id.*, ¶ 45) Elrod has not taken action after hearing any of these complaints. (*Id.*). In September 2014, Harris complained again, and Elrod retaliated against her in a number of ways, including demoting her, monitoring her more than other employees, and refusing to provide her vital information for performing her job. (*Id.*, ¶¶ 138–48).

---

[2] The facts herein are limited to those relevant to this motion to dismiss.

**II.     Standard**

Generally, the Federal Rules of Civil Procedure require only that the complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). However, to survive a motion to dismiss brought under Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). That is, the complaint must include enough facts "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation and footnote omitted). Pleadings that contain nothing more than "a formulaic recitation of the elements of a cause of action" do not meet Rule 8 standards, nor do pleadings suffice that are based merely upon "labels or conclusions" or "naked assertion[s]" without supporting factual allegations. *Id.* at 555, 557 (citation omitted).

Once a claim has been stated adequately, however, "it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 563 (citation omitted). Further, when ruling on a motion to dismiss, a court must "take the factual allegations in the complaint as true and construe them in the light most

favorable to the plaintiff." *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008) (citing *Glover v. Liggett Group, Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006)).

## III. Discussion

The Defendants move to dismiss Harris's retaliation claims, which are Counts Three, Four, and Five, because (they say) the allegedly retaliatory acts were no more than petty slights or minor annoyances and therefore not offensive enough to serve as retaliatory acts as a matter of law. On these same counts, Defendants also argue that Harris has inadequately pleaded a causal relationship between her protected activity and any retaliatory acts. Finally, as to Count V only, Defendants argue that Harris has insufficiently pleaded facts showing that Koch Foods of Alabama, LLC ("Koch-Alabama") is Harris's employer and therefore, Koch-Alabama should be dismissed. These arguments will be taken in turn.

### A. The Sufficiency of the Retaliatory Acts

Title VII prohibits retaliation against any employee "because [she] has opposed any practice" made unlawful by Title VII. 42 U.S.C. § 2000e-3(a). "To establish a prima facie case of retaliation under Title VII, a plaintiff must show that (1) [she] engaged in statutorily protected expression; (2) [she] suffered an adverse employment

action; and (3) there is some causal relation between the two events."[3] *Pennington v. City of Huntsville*, 261 F.3d 1262, 1266 (11th Cir. 2001) (citation omitted). The allegedly adverse action must be "materially adverse," as judged from the point of view of a "reasonable employee." *Burlington N. and Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006) (citation omitted). "Materially adverse" action "would "dissuade[] a reasonable worker from making or supporting a charge of discrimination." *Id.* (citation omitted).

Defendants suggest, and the court agrees, that Harris alleges seven adverse acts. They are: (1) Elrod's failing and/or refusing to inform employees at different plant locations of Plaintiff's job title in such a manner as to interfere with her duties; (2) requiring Plaintiff to report her whereabouts and her daily operations to five other managers; (3) denying Plaintiff access to information relevant to her job duties; (4) other employees being instructed to watch Plaintiff and not provide her information relevant to her position; (5) changes in her duties and responsibilities; (6) Plaintiff's job title has changed; and (7) Plaintiff was demoted. (Doc. 32, ¶¶ 138–48).

It is true that requiring an employee to report her whereabouts and a nondescript "change in duties" are each insufficient to constitute retaliatory conduct.

---

[3] The court assumes, as the parties apparently do, that retaliation under the Equal Pay Act is governed by the same standards as Title VII.

But it is quite plausible that a reasonable employee would think twice about engaging in protected activity if, in response, her employer denied her access to relevant job information, refused to inform other employees of who she was in such a way as to interfere with her performance, and demotes her. None of the (non-binding) cases that Defendants cite are any help to them; only one is even a 12(b)(6) appeal and, in that case, *McCone v. Pitney Bowes, Inc.*, 582 F. App'x. 798 (11th Cir. 2014), the *pro se* plaintiff's change in duties was advanced as evidence of disparate treatment, not a retaliatory act.

Defendants take particular issue with Harris's allegation that she was demoted by advancing the bizarre argument that being "demoted" is a legal conclusion not entitled to the presumption of truth. A demotion is a fact, and unlike, say, "conspiring," it is not even a hybrid factual-legal conclusion. Undoubtedly, Harris's complaint could be more detailed (perhaps by describing the nature of the demotion or the information withheld from her), and her statement to the contrary is ludicrous, but *Twiqbal's* treatment of legal conclusions is too harsh for the concept of "legal conclusion" to be interpreted so capaciously that it includes every sloppily developed factual allegation. This ground for dismissal is meritless.

6

B.     Causation of the Retaliatory Act

It appears that causation is more frequently litigated at the summary judgment stage but, at that point, "a plaintiff merely has to prove that the protected activity and the negative employment action are not completely unrelated." *Goldsmith v. Bagby Elevator Co.*, 513 F.3d 1261, 1278 (11th Cir. 1998) (emphasis added) (quoting *Olmstead v. Taco Bell Corp.*, 141 F.3d 1457, 1460 (11th Cir. 1993)). "A plaintiff satisfies this element if [s]he provides sufficient evidence of knowledge of the protected expression and that there was a close temporal proximity between this awareness and the adverse action." *Higdon v. Jackson*, 393 F.3d 1211, 1220 (11th Cir. 2004) (alteration in original) (citation, internal quotation marks, and ellipsis omitted). A "close temporal proximity" may provide sufficient circumstantial evidence of the causal relationship, although its sufficiency diminishes the longer the time period that elapses between. *See id.* If the retaliatory act occurs within the same month, that is usually sufficient to allow a court to infer causation. *Id.*

Defendants assail the causal relationship between Harris's complaint and the retaliatory acts first, on the ground that no decision-maker had knowledge of her protected activity, and second, that her laconic assertion that the retaliatory acts occurred after her protected activity is too attenuated to plead causation. Their first grievance is premised on a mistaken reading of Harris's complaint: she alleges

7

explicitly that Elrod retaliated against her. (Doc. 32, ¶ 105). As to the temporal proximity of the retaliation, she claims to have initially complained in September 2014, *id.*, ¶ 103, and she alleges that Elrod retaliated in the same month. (*Id.*, ¶ 105). This is sufficient to plead causation.

    C.    <u>Koch-Alabama as Harris's Employer</u>

Harris argues that whether Koch-Alabama is also her employer is an issue that is too fact-intensive to be resolved at the motion to dismiss stage.[4] The court agrees. District courts "routinely" decline to consider certain fact-intensive issues prior to summary judgment. *Schojan v. Papa John's Int'l., Inc.*, 34 F. Supp 3d. 1206, 1210 (M.D. Fla. 2014); *see also Larach v. Standard Chartered Bank, Int'l.*, 724 F. Supp. 2d 1228, 1238 (S.D. Fla. 2010) (declining, in consumer protection case, to consider whether entities were acting as banks or brokers at motion to dismiss). And while *Iqbal* is premised on the transsubstantive nature of the Rules of Civil Procedure—a premise in tension with the court's decision here—nothing in that case requires

---

[4] She also, for the third time, attaches materials to her response to the partial motion to dismiss in a bid to convert it into a motion for summary judgment. The court is nonplussed at Harris's repeated omission of the facts contained in these documents from her pleadings; if she is aware of facts that would adequately demonstrate the claimed relationship, why not plead them? The fact that the Rules of Civil Procedure require "short and plain statement[s]," FED R. CIV. P. 8(a)(2), does not mean that the pleader should omit relevant facts in the name of brevity. Anyway, and it is only tangentially related, the court observes that while it is not impossible for a non-movant to convert a motion to dismiss into a motion for summary judgment, promiscuous permission of this tactic would allow an end-run of one of the most important functions of Rule 12(b)(6), which is to prevent notice pleading from becoming discovery-on-demand.

principles of docket-management to yield absolutely and without exception to the Rules of Civil Procedure.

Of course, the court should avoid such an exercise of its inherent powers when doing so would work injustice, but there is no risk of that here: the same counsel represents all of the Koch entities, and Rule 11 (as well as the discovery rules) are available to the court <u>and</u> all parties in the event that any of the filings in this case are submitted vexatiously or in disregard of the truth. Further, it is clear beyond peradventure that an Equal Pay Act claim has been adequately pleaded, but Defendants' *Walkovsky*-style[5] corporate structure (there is nothing wrong with it) makes it difficult for a plaintiff to plead precisely the information required to prove joint-employment. At this point, *Iqbal's* admonition that the court use its common sense, 556 U.S. at 679, overcomes *Iqbal's* more mechanical, and more oft-quoted, provisions. The motion is **DENIED**.

**DONE** and **ORDERED** this 26th day of July, 2016.

                                            **VIRGINIA EMERSON HOPKINS**
                                            United States District Judge

---

[5] In *Walkovsky v. Carlton*, the New York Court of Appeals considered the "rather common practice in the taxicab industry of vesting the ownership of a taxi fleet in many corporations, each owning only one or two cabs." 223 N.E.2d 6, 7 (1966).